IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

     v.                                             Criminal No. 3:20cr25 (DJN)

MICHAEL JAMEL AIKENS,
     Petitioner.

**MEMORANDUM OPINION**

Michael Jamel Aikens, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 51). The Government responded, asserting, *inter alia*, that Aikens's § 2255 Motion is barred by the statute of limitations. (ECF No. 56.) Aikens has responded. (ECF No. 57.) For the reasons set forth below, the § 2255 Motion (ECF No. 51) will be DENIED.[1]

**I. PROCEDURAL HISTORY**

Pursuant to a written plea agreement, Aikens pled guilty to aiding and abetting in Hobbs Act robbery and aiding and abetting in brandishing a firearm during and in relation to a crime of violence. (ECF No. 18 ¶ 1.) On January 11, 2021, the Court entered the Judgment in Aikens's case and sentenced him to ninety-four months of imprisonment. (ECF No. 33, at 2.)

On April 19, 2023, Aikens placed his § 2255 Motion in the prison mail system. (ECF No. 51, at 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Aikens raises the following claim:

> Claim One    Aikens failed to receive the effective assistance of counsel because
>                    counsel advised Aikens to plead guilty "because the facts did not support a

---

[1]    The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Aikens's submissions.

conviction for violation of § 924(c) on an aiding-and-abetting theory."
(ECF No. 52, at 3–4.)

## II. ANALYSIS

### A. Running of the Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended

28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion.

Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)**     the date on which the judgment of conviction becomes final;
>
> **(2)**     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)**     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)**     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Aikens's conviction became final on Monday, January 25, 2021, the last date to file a

notice of appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D.

Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL

1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. (4)(b)(1)(A) (requiring defendant to file

an appeal within fourteen (14) days of the entry of judgment). Hence, Aikens had until Tuesday,

January 25, 2022, to file his motion under 28 U.S.C. § 2255. Because Aikens did not file his

§ 2255 Motion until April 19, 2023, it is untimely under 28 U.S.C. § 2255(f)(1). Thus, Aikens's

§ 2255 Motion is untimely unless Aikens demonstrates a basis for a belated commencement of

the limitation period or some equitable basis for avoiding the limitation period.  As explained

below, Aikens fails to do so.

**B.  Belated Commencement under 28 U.S.C. § 2255(f)(3)**

Aikens contends that he is entitled to a belated commencement of the limitation period

under 28 U.S.C. § 2255(f)(3).  The Fourth Circuit has explained that:

> Under subsection (3), "courts will consider a [movant's] motion timely if (1) he
> relies on a right recognized by the Supreme Court after his judgment became final,
> (2) he files a motion within one year from the date on which the right asserted was
> initially recognized by the Supreme Court, and (3) the Supreme Court or this court
> has made the right retroactively applicable."

*United States v. Dandridge*, 833 F. App'x 390, 391 (4th Cir. 2021) (alteration in original)

(quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)).

Aikens cites *United States v. Taylor*, 596 U.S. 845 (2022), as an intervening change in the

law that supports the timeliness of his motion.  (ECF No. 57, at 1.)  In *Taylor*, the Supreme Court

held that an attempted Hobbs Act robbery does not qualify as a crime of violence.  Therefore, to

find Aikens's motion timely, he must demonstrate that it relies on a right recognized in *Taylor*.

*See Brown*, 868 F.3d at 301 (citations omitted).  Aikens cannot satisfy this requirement if the

holding in *Taylor* has no bearing on his case.  *See id.*  That is the case here.

Aikens pled guilty to aiding and abetting in a Hobbs Act robbery and aiding and abetting

in brandishing a firearm during and in relation to that crime of violence.  (ECF No. 18, at 1.)

"Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."

*United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (citations omitted).  Furthermore, the

Fourth Circuit has concluded that "aiding and abetting a crime of violence is also categorically a

crime of violence."  *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021).  As the Fourth

Circuit recently explained, *Taylor* did not alter this conclusion:

> It naturally follows then that aiding and abetting and attempt offenses are not one
> and the same.  Whereas aiding and abetting a crime possesses the same elements as

3

the underlying offense, "*Taylor* hinge[s] on the fact that attempt is a separate crime from the underlying offense, with the distinct element of a 'substantial step'" which a defendant could take "without also committing all the elements of Hobbs Act robbery." *United States v. Worthen*, 60 F.4th 1066, 1070 (7th Cir. 2023) (quoting *Taylor*, 142 S. Ct at 2020). And because the Supreme Court did not explicitly instruct on *Taylor*'s reach beyond the purview of *attempted* Hobbs Act robbery, it is not in our authority to expand its scope today.

*United States v. Draven*, 77 F.4th 307, 318 (4th Cir. 2023). Accordingly, Aikens fails to demonstrate that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

## III. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 51) will be DENIED as barred by the statute of limitations. Aikens's claim and the action will be DISMISSED. Aikens's Motion for a Hearing (ECF No. 53) and Motion for Appointment of Counsel (ECF No. 54) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Aikens.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Date: October 16, 2024

4